MONACO, J.
C.H., the biological mother of A.R., appeals from a disposition order and order placing long term custody of A.R. with the child’s stepmother. After careful review, we have concluded that the orders should be affirmed in all respects but two.
Paragraph 7 of the long-term placement order reads as follows:
The parent shall not petition the court for custody of the child unless there is probable cause to believe that this long-term custody is no longer in the child’s best interest and that the parents have demonstrated a material change in circumstances. Substantial compliance with a case plan or the remedy of the reasons for removal will not, standing alone, be sufficient grounds to disturb this long-term custody.
Section 39.622, Florida Statutes (2002), deals with the placement of a child in the long-term custody of an adult relative, or other adult approved by the court who has had custody of the child for at least the preceding 6 months. C.H. correctly points out subparagraph (4) of this statute requires as a condition to long-term custody, that the parties agree “that a long-term custodial relationship does not preclude the possibility of the child returning to the custody of the parent at a later date if the parent demonstrates a material change in circumstances and the return of the child to the parent is in the child’s best interest.” Since the language contained in paragraph 7 of the long-term placement order is contrary to the requirements of the statute, paragraph 7 must be stricken.
In addition, the long-term custody order set a future judicial review hearing. Section 39.622(9), Florida Statutes (2002), *26 says specifically that regular judicial review hearings shall be discontinued. In view of the conflict with the statute, the judicial review provision contained in the order must likewise be stricken.
AFFIRMED in part, REVERSED in part, and REMANDED.
PETERSON and THOMPSON, JJ., concur.